IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREA TREVINO, Individually; | § | |
| ROBERT TREVINO, Individually; and, | § | |
| DANIELLE MCCAULEY, Individually | § | |
| and as Representative of the Estate of | § | |
| ANTHONY MICHAEL TREVINO, | § | Civil Action No. _____ |
| and as Next Friend of | § | |
| LAREINA LINDSI TREVINO | § | |
| | § | |
| vs. | § | |
| | § | |
| NAVAJO EXPRESS, INC.; | § | |
| NAVAJO SHIPPERS, INC.; and, | § | |
| ROSIE ADLYN TUCKER | § | |

## DEFENDANTS NAVAJO EXPRESS, INC. AND ROSIE ADLYN TUCKER'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW** Navajo Express, Inc. and Rosie Adlyn Tucker, Defendants in the above-styled and numbered cause, and file this, their Notice of Removal pursuant to 28 U.S.C. §1446(a), and in support of same, would respectfully show the Court the following:

### A.
### Introduction

1.      Plaintiffs are Andrea and Robert Trevino, parents of decedent Anthony Michael Trevino, and Danielle McCauley, alleged common-law wife of decedent Anthony Michael Trevino. Ms. McCauley is appearing in an individual capacity, as purported representative of the Estate of Anthony Michael Trevino, and as Next Friend of Lareina Lindsi Trevino, alleged daughter of decedent. Defendants that have been served are Navajo Express, Inc., a transportation company, and Rosie Adlyn Tucker, the driver of a truck involved in a collision with the decedent.

2.     Plaintiffs sued Defendants for negligence and gross negligence in the 14th Judicial District Court of Dallas County, Texas under cause number 15-06014.  Both Navajo Express, Inc. and Rosie Adlyn Tucker were served with citation through the Texas Secretary of State's Office.  The Texas Secretary of State received citations for both defendants on June 18, 2015. Defendants file this notice of removal within the thirty (30) day time period required by 28 U.S.C. § 1446(b); *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

**B.**
**Basis for Removal**

3.     Removal is proper because there is complete diversity between the parties.  28 U.S.C. §1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006).  Plaintiffs are all citizens of Texas.  Defendant Tucker is a citizen of Missouri.  Defendant Navajo Express, Inc. is a citizen of Colorado.  Unserved defendant Navajo Shippers is also a citizen of Colorado.  Additionally, the amount in controversy exceeds $75,000.00, excluding interest and costs, according to Plaintiffs' First Amended Original Petition.  28 U.S.C. § 1332(a); *Andres v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir.2006).   This case concerns the death of a young man and involves multiple claimants asserting claims against several defendants.  These facts support a finding the amount in controversy exceeds $75,000.00.

4.     All defendants served as of this date consent to the removal of this case to federal court.  28 U.S.C. § 1446(b)(2)(A); *Cook v. Randolph Cnty*, 573 F.3d 1143, 1150-51 (11th Cir. 2009).  Consent of Navajo Shipping, Inc. is not necessary at this point because, upon information and belief, it has not yet been served with process.

5.     Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a).

---

6.      Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this District.

7.      Defendants will promptly file a copy of this Notice of Removal with the clerk of the State court where the suit has been pending.

**C.**
**Prayer**

WHEREFORE, PREMISES CONSIDERED, Defendants Navajo Express, Inc. and Rosie Adlyn Tucker requests this Court to remove the above-referenced state court matter to the United State District Court for the Northern District of Texas, Dallas Division, and for such other and further relief as may be deemed necessary and appropriate under the facts and circumstances and applicable law.

Respectfully Submitted,

/s/  Michael A. Miller
MICHAEL A. MILLER
State Bar No. 14100650
*mmiller@tmlfpc.com*

CLARK S. BUTLER
State Bar No. 00793437
cbutler@tmlfpc.com

THE MILLER LAW FIRM
1950 Turtle Creek Center
3811 Turtle Creek Boulevard
Dallas, Texas  75219
(469) 916-2552
(469) 916-2555 fax

**ATTORNEYS FOR DEFENDANTS**
**NAVAJO SHIPPERS, INC. AND ROSIE**
**ADLYN TUCKER**

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was served on counsel of record for Plaintiff by way of *efiling and/or facsimile* as indicated below on the **13th** day of **July 2015**.

Darrell W. Calvin Jr.
Madeleine Harrison
THE CALVIN LAW FIRM PLLC
12221 Merit Drive, Suite 630
Dallas, Texas 75251
(972) 233-5200 tel
(972) 233-5206 fax
*darrell@calvinlawfirm.com*
*madeleine@calvinlawfirm.com*

*/s/ Michael A. Miller*
MICHAEL A. MILLER

FILED
DALLAS COUNTY
5/22/2015 5:49:25 PM
FELICIA PITRE
DISTRICT CLERK

Crystal McDowell

DC-15-06014

CAUSE# _____

| | | |
|---|---|---|
| Andrea Trevino, Robert Trevino, Danielle McCauley, Individually, As Representative of the Estate of Anthony Michael Trevino, and As Next Friend of Lareina Lindsi Trevino | § § § § § § § § | IN THE DISTRICT COURT |
| PLAINTIFFS | § § | OF DALLAS COUNTY |
| V. | § § § | |
| Navajo Express, Inc., Navajo Shippers, Inc., and Rosie Adlyn Tucker | § § § § § | _____ JUDICIAL DISTRICT |
| DEFENDANTS | | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **ANDREA TREVINO, ROBERT TREVINO,** and **DANIELLE MCCAULEY,** Individually, As Representative of the Estate of Anthony Michael Trevino, and As Next Friend of Lareina Lindsi Trevino, hereinafter referred to as Plaintiffs, complaining of and against **NAVAJO EXPRESS, INC., NAVAJO SHIPPERS, INC.,** and **ROSIE ADLYN TUCKER,** all collectively hereinafter referred to as Defendants, and for cause of action, Plaintiffs would respectfully show the Court and Jury as follows:

I.

## DISCOVERY CONTROL PLAN

1.1     Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery under Rule 190.4, Level 3. Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs seek monetary relief in excess of $1·000,000.00.

II.

PARTIES

2.1     Plaintiff, ANDREA TREVINO, is an individual residing in Denton County, Texas. She is the surviving mother of Anthony Michael Trevino.

2.2     Plaintiff, ROBERT TREVINO, is an individual residing in Denton County, Texas. He is the surviving father of Anthony Michael Trevino.

2.3     Plaintiff, DANIELLE MCCAULEY, Individually, and as Representative of the Estate of Anthony Michael Trevino, and As Next Friend of Lareina Lindsi Trevino, is an individual residing in Tarrant County, Texas. She is the surviving common law wife of Anthony Michael Trevino and mother of Lareina Lindsi Trevino.

2.4     Defendant, NAVAJO EXPRESS, INC., a foreign for-profit corporation organized and existing under the laws of the State of Colorado, may be served with process by serving the Texas Secretary of State by certified mail, return receipt requested, at P.O. Box 12079, Austin, Texas 78711-2079. Tex. Civ. Prac. Rem. Code § 17.026(a). The Texas Secretary of State may be its agent for service because Defendant NAVAJO EXPRESS, INC. is a nonresident that committed a tort in Texas, which constitutes doing business in this State, but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from Defendant NAVAJO EXPRESS, INC.'s business in Texas. Tex. Civ. Prac. Rem. Code § 17.041, 17.042(2), 17.044(b).

2.5     Defendant, NAVAJO SHIPPERS, INC., a foreign for-profit corporation organized and existing under the laws of the State of Colorado, may be served with process by serving the Texas Secretary of State by certified mail, return receipt requested, at P.O. Box 12079, Austin, Texas 78711-2079. Tex. Civ. Prac. Rem. Code § 17.026(a). The Texas Secretary of State may be

its agent for service because Defendant NAVAJO SHIPPERS, INC. is a nonresident that committed a tort in Texas, which constitutes doing business in this State, but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from Defendant NAVAJO SHIPPERS, INC.'s business in Texas. Tex. Civ. Prac. Rem. Code § 17.041, 17.042(2), 17.044(b).

2.6     Defendant, ROSIE ADLYN TUCKER, an individual who is a nonresident of Texas and who resides at 22126 Lawrence, #1036, Pierce City, Lawrence County, Missouri 65723, may be served with process by serving the Texas Secretary of State by certified mail, return receipt requested, at P.O. Box 12079, Austin, Texas 78711-2079. Tex. Civ. Prac. Rem. Code § 17.026(a). The Texas Secretary of State may be her agent for service because Defendant ROSIE ADLYN TUCKER is a nonresident that committed a tort in Texas, which constitutes doing business in this State, but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from Defendant ROSIE ADLYN TUCKER's business in Texas. Tex. Civ. Prac. Rem. Code § 17.041, 17.042(2), 17.044(b).

III.

JURISDICTION AND VENUE

3.1     The present Court has personal jurisdiction over the Defendants because said Defendants transacted business in Texas by committing a tort in Texas. Tex. Civ. Prac. Rem. Code § 17.042(2). The Court has subject matter jurisdiction as the amount in controversy is within the jurisdictional limits of the Court, and no other court has exclusive jurisdiction. Venue is proper in the present forum because all or a substantial part of the events giving rise to the claim occurred in Dallas County, Texas.

IV.

FACTS

4.1    Anthony Michael Trevino was born on June 16, 1991. The incident complained of herein occurred on the evening of September 14, 2014. On that evening, Defendant ROSIE ADLYN TUCKER was operating and in control of a commercial vehicle, namely a tractor and/or trailer, owned by or leased to NAVAJO EXPRESS, INC. and/or NAVAJO SHIPPERS, INC. The tractor portion of Defendant NAVAJO EXPRESS, INC.'s and/or NAVAJO SHIPPERS, INC.'s vehicle, driven by Defendant ROSIE ADLYN TUCKER, struck Mr. Trevino while he was a pedestrian near the right hand lane of 4500 North President George Bush Freeway in Irving, Dallas County, Texas. Mr. Trevino was dragged nearly 300 feet and eventually came to rest in the right shoulder of the freeway. Mr. Trevino was pronounced dead at the scene of the incident. The impact to Mr. Trevino left a debris field of approximately 220 feet of blood, bone, and tissue in the right lane, right shoulder, and right bar ditch of this area of the highway.  Prior to his death, Mr. Trevino was a healthy 23 year old man.





## V.

## RESPONDEAT SUPERIOR

5.1    At all material times hereto, Defendant ROSIE ADLYN TUCKER was the agent, servant, employee or statutory employee of Defendant, NAVAJO EXPRESS, INC. and/or NAVAJO SHIPPERS, INC., and was acting within the scope of her authority as such agent, servant, and employee. Defendant, NAVAJO EXPRESS, INC., or NAVAJO SHIPPERS, INC. are liable to Plaintiffs for the negligence of Defendant, ROSIE ADLYN TUCKER, under the common law doctrine of *respondeat superior*.

## VI.

## INDEPENDENT NEGLIGENCE OF NAVAJO EXPRESS, INC. AND/OR NAVAJO SHIPPERS, INC.

6.1    At all times material hereto, Defendant NAVAJO EXPRESS, INC. and NAVAJO SHIPPERS, INC., were negligent in one or more of the following ways:

a.      In failing to adequately qualify and train Defendant ROSIE ADLYN TUCKER;

b.      In failing to adequately supervise Defendant ROSIE ADLYN TUCKER; and

c.      In negligently entrusting the tractor and trailer in question to Defendant ROSIE ADLYN TUCKER, whom they knew or should have known was a reckless and incompetent driver.

VII.

NEGLIGENCE OF ROSIE ADLYN TUCKER

7.1     At all times material hereto, Defendant ROSIE ADLYN TUCKER was negligent in one or more of the following ways:

a.      In failing to keep a proper lookout for the Plaintiff Anthony Michael Trevino's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

b.      In failing to timely apply the brakes to her motor vehicle in order to avoid the collision;

c.      In failing to remain reasonably attentive to conditions existing on the roadway as a reasonably prudent person would have done under the same or similar circumstances;

d.      In failing to take proper evasive action that would have been taken by a person of ordinary prudence under the same or similar circumstances;

e.      In failing to comply with Federal Motor Carrier Regulations 49 CFR 383.110-383.113.

VIII.

GROSS NEGLIGENCE

8.1     The negligence of the Defendants as alleged herein constituted not only ordinary negligence but gross negligence. The conduct of the Defendants, in failing to exercise ordinary

care towards ANTHONY MICHAEL TREVINO, among other acts alleged, were serious violations and were not ordinary negligence but gross negligence. In this regard, the conduct of the Defendants was intentionally, heedlessly, and without regard to the damages and injuries that might be inflicted by such conduct. The conduct of the Defendants, when viewed objectively from their standpoint at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others including, but not limited to, ANTHONY MICHAEL TREVINO. Accordingly, the conduct of the Defendants amounts to gross negligence.

8.2     As a result of the gross negligence of the Defendants, a sum of money should be assessed against the Defendants as allowed by law, and awarded to Plaintiffs as exemplary damages for the death of ANTHONY MICHAEL TREVINO. Further, because of the nature of the conduct, the limitations and so called caps on exemplary damages should not apply to the amount of exemplary damages the jury may find. Exemplary damages should be awarded as penalty or by way of punishment taking into consideration:

a.     the nature of the wrong;

b.     the character of the conduct involved;

c.     the degree of culpability of the wrongdoer;

d.     the situation and sensibilities of the parties involved;

e.     the extent to which such conduct offends a public sense of justice and propriety; and

f.     the net worth of Defendants.

IX.

WRONGFUL DEATH DAMAGES

9.1     This suit is brought by ANDREA TREVINO, ROBERT TREVINO, and DANIELLE MCCAULEY, Individually, And As Next to Lareina Lindsi Trevino, to recover damages from the Defendants for the wrongful death of ANTHONY MICHAEL TREVINO, under the terms and provisions of Texas Civil Practice and Remedies Code Section 71.001, et. seq., since ANTHONY MICHAEL TREVINO died as a result of the Defendants' negligence.

9.2     Plaintiff ANDREA TREVINO, as Surviving Parent, is a recognized statutory beneficiary under the Texas Wrongful Death Act, Texas Civil Practice and Remedies Code Ann. Section 71.001, et. seq., and lost her son, and with this loss she has suffered and will continue to suffer substantial damages, which include the following:

    a.     PECUNIARY LOSS, meaning the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value, excluding loss of inheritance, that ANDREA TREVINO, in reasonable probability would have received from ANTHONY MICHAEL TREVINO, had he lived;

    b.     LOSS OF COMPANIONSHIP AND SOCIETY, meaning the loss of the positive benefits flowing from the love, comfort, companionship, and society that Plaintiff ANDREA TREVINO would have received from ANTHONY MICHAEL TREVINO had he lived; and

    c.     MENTAL ANGUISH, meaning the emotional pain, torment, and suffering experienced by ANDREA TREVINO, because of the death of ANTHONY MICHAEL TREVINO.

9.3     Plaintiff ROBERT TREVINO, as Surviving Parent, is a recognized statutory beneficiary under the Texas Wrongful Death Act, Texas Civil Practice & Remedies Code Ann. Section 71.001, et. seq., and lost his son, and with this loss he has suffered and will continue to suffer substantial damages, which include the following:

    a.     PECUNIARY LOSS, meaning the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value, excluding loss

of inheritance, that ROBERT TREVINO, in reasonable probability would have received from ANTHONY MICHAEL TREVINO, had he lived;

b.    LOSS OF COMPANIONSHIP AND SOCIETY, meaning the loss of the positive benefits flowing from the love, comfort, companionship, and society that Plaintiff ROBERT TREVINO would have received from ANTHONY MICHAEL TREVINO had he lived; and

c.    MENTAL ANGUISH, meaning the emotional pain, torment, and suffering experienced by ROBERT TREVINO, because of the death of ANTHONY MICHAEL TREVINO.

9.4    Plaintiff DANIELLE MCCAULEY, as Surviving Spouse, and Lareina Lindsi Trevino, as surviving daughter, are recognized statutory beneficiaries under the Texas Wrongful Death Act, Texas Civil Practice & Remedies Code Ann. Section 71.001, et. seq., and lost their husband and father, and with this loss they have suffered and will continue to suffer substantial damages, which include the following:

a.    PECUNIARY LOSS, meaning the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value, excluding loss of inheritance, that they, in reasonable probability would have received from ANTHONY MICHAEL TREVINO, had he lived;

b.    LOSS OF COMPANIONSHIP AND SOCIETY, meaning the loss of the positive benefits flowing from the love, comfort, companionship, and society that they would have received from ANTHONY MICHAEL TREVINO had he lived; and

c.    MENTAL ANGUISH, meaning the emotional pain, torment, and suffering experienced by them, because of the death of ANTHONY MICHAEL TREVINO;

d.    LOSS OF INHERITANCE.

## X.

## SURVIVAL CLAIM DAMAGES

10.1    This suit is brought, in part, by Plaintiff Danielle McCauley, as Representative of the ESTATE OF ANTHONY MICHAEL TREVINO, to recover damages from the Defendants, under the terms and provisions of Texas Civil Practice and Remedies Code Section 71.021,

commonly referred to as the Survival Statute, for any claims which could have been brought by Anthony Michael Trevino, but for his death as a result of his injuries, which was occasioned by the negligence of the Defendants in causing the events as described herein, and include the following damages:

    a.    Funeral and burial expenses; and

    b.    Conscious physical pain and emotional pain, torment and suffering experienced by ANTHONY MICHAEL TREVINO, before his death.

XI.

PREJUDGMENT INTEREST

11.1    In addition to the above and foregoing allegations, Plaintiffs further plead that they are entitled to prejudgment interest.

XII.

REQUEST FOR DISCLOSURE

12.1    Under Texas Rule of Civil Procedure 194, Plaintiffs request the Defendants disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein as the law directs, and that upon final hearing hereof, Plaintiffs have and recover judgment of and from Defendants in an amount within the jurisdictional limits of the Court, including both compensatory and exemplary damages, plus prejudgment interest thereon at the legal rate, costs of court, and for such other and further relief, general and special, at law and in equity, to which Plaintiffs may show themselves entitled to receive.

Respectfully submitted,

THE CALVIN LAW FIRM, P.L.L.C.


By:___ /s/ Darrell W. Calvin, Jr.
        **Darrell W. Calvin, Jr.**
        State Bar No. 24012372
        darrell@calvinlawfirm.com
        **Madeleine Harrison**
        State Bar No. 24049936
        madeleine@calvinlawfirm.com
        12221 Merit Dr., Suite 630
        Dallas, Texas 75251
        972-233-5200 Telephone
        972-233-5206 Facsimile

        **Attorneys for Plaintiffs**

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

June 24, 2015

Rosie Adlyn Tucker
22126 Lawrence #1036
Pierce City, MO 65723

> **2015-254654-3**
> Include reference number in
> all correspondence

RE:  Andrea Trevino, et al VS Navajo Express, Inc., et al
       14th Judicial District Court Of Dallas County, Texas
       Cause No: DC1506014

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on June 18, 2015.

CERTIFIED MAIL #71901046470100484497

Refer correspondence to:

Darrell W. Calvin, Jr.
The Calvin Law Firm, P.L.L.C.
12221 Merit Drive, Suite 630
Dallas, TX 75251

Sincerely,

Venita Okpegbue
Team Leader, Service of Process
GF/lc
Enclosure

FORM NO. 353-4—CITATION
~~THE STATE OF TEXAS~~

RECEIVED
SECRETARY OF STATE

JUN 1 8 2015

Service of Process

To:     ROSIE ADLYN TUCKER
        HOME ADDRESS OF
        22126 LAWRENCE # 1036  PIERCE CITY  MISSOURI 65723
        BY AND THROUGH THE TEXAS SECRETARY OF STATE
        OFFICE OF THE SECRETARY OF STATE
        CITATIONS UNIT - P.O. BOX 12079
        AUSTIN, TX, 78711

ATTY (SOS)

CITATION

| No.: DC-15-06014 |
|---|
| ANDREA TREVINO, ET AL |
| VS. |
| NAVAJO EXPRESS, INC., ET AL |

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with   the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and FIRST AMENDED  petition, a default judgment may be taken against you.
    Your answer should be addressed to the clerk of the 14th District Court at 600 Commerce Street
, Dallas, Texas 75202.

Said PLAINTIFF being ANDREA TREVINO, ROBERT TREVINO, DANIELLE MCCAULEY,
INDIVIDUALLY, AS REPRESENTATIVE OF THE ESTATE OF ANTHONY MICHAEL TREVINO
AND AS NEXT FRIEND OF LAREINA LINDSI TREVINO

Filed in said Court 29th day of May, 2015 against
    NAVAJO EXPRESS, INC.,  NAVAJO SHIPPERS INC AND ROSIE ADLYN TUCKER

    For suit, said suit being numbered   DC-15-06014  the nature of which demand is as follows:
Suit On  OTHER (CIVIL) etc. as shown on said petition AND REQ FOR DISCLOSURE, a copy of
which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas
    Given under my hand and the Seal of said Court at office on this the 4th day of JUNE, 2015
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

                    By _____ , Deputy
                         DIANNE COFFEY

ISSUED
ON THIS THE 4TH DAY OF JUNE, 2015

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By DIANNE COFFEY, Deputy

Attorney for : Plaintiff
DARRELL W CALVIN JR.
12221 MERIT DR  SUITE 630
DALLAS TX 75251
972-233-5200

00254654 - 3

OFFICER'S RETURN
FOR INDIVIDUALS

Cause No. DC-15-06014

Court No: 14th District Court

Style: ANDREA TREVINO, et al
vs.
NAVAJO EXPRESS, INC., et al

Received this Citation the _____ day of _____, 20____ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------oOo0Oo----------

OFFICER'S RETURN
FOR CORPORATIONS

Received this Citation the _____ day of _____, 20____ at _____ o'clock ____.M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock ____ .M. by summoning the within named Corporation, _____ by delivering to _____
_____ President - Vice President - Registered Agent - in person, of the said _____

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.
----------oOo0Oo----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:        To certify which witness by my hand.
For Serving Citation    $ _____        Sheriff _____
For Mileage             $ _____        County of _____
For Notary              $ _____        State of _____
        Total Fees      $ _____        By _____

(Must be verified if served outside the State of Texas)
State of _____
County of _____
        Signed and sworn to me by the said _____ before me this _____
day of _____, 20____, to certify which witness my hand and seal of office.

Seal                                        State & County of _____

FILED
DALLAS COUNTY
5/29/2015 4:38:45 PM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

6 SOS-ATTY

CAUSE# DC-15-06014

| | | |
|---|---|---|
| Andrea Trevino, Robert | § | IN THE DISTRICT COURT |
| Trevino, Danielle McCauley, | § | |
| Individually, As | § | |
| Representative of the Estate | § | |
| of Anthony Michael Trevino, | § | |
| and As Next Friend of | § | |
| Lareina Lindsi Trevino | § | |
| | § | |
| PLAINTIFFS | § | OF DALLAS COUNTY |
| | § | |
| V. | § | |
| | § | |
| Navajo Express, Inc., Navajo | § | |
| Shippers, Inc., and Rosie | § | |
| Adlyn Tucker | § | 14TH JUDICIAL DISTRICT |
| | § | |
| DEFENDANTS | | |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **ANDREA TREVINO, ROBERT TREVINO,** and **DANIELLE MCCAULEY,** Individually, As Representative of the Estate of Anthony Michael Trevino, and As Next Friend of Lareina Lindsi Trevino, hereinafter referred to as Plaintiffs, complaining of and against **NAVAJO EXPRESS, INC., NAVAJO SHIPPERS, INC.,** and **ROSIE ADLYN TUCKER,** all collectively hereinafter referred to as Defendants, and for cause of action, Plaintiffs would respectfully show the Court and Jury as follows:

I.

DISCOVERY CONTROL PLAN

1.1     Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery under Rule 190.4, Level 3. Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs seek monetary relief in excess of $1,000,000.00.

II.

PARTIES

2.1     Plaintiff, ANDREA TREVINO, is an individual residing in Denton County, Texas. She is the surviving mother of Anthony Michael Trevino.

2.2     Plaintiff, ROBERT TREVINO, is an individual residing in Denton County, Texas. He is the surviving father of Anthony Michael Trevino.

2.3     Plaintiff, DANIELLE MCCAULEY, Individually, and as Representative of the Estate of Anthony Michael Trevino, and As Next Friend of Lareina Lindsi Trevino, is an individual residing in Dallas County, Texas. She is the surviving common law wife of Anthony Michael Trevino and mother of Lareina Lindsi Trevino.

2.4     Defendant, NAVAJO EXPRESS, INC., a foreign for-profit corporation organized and existing under the laws of the State of Colorado, may be served with process by serving the Texas Secretary of State by certified mail, return receipt requested, at P.O. Box 12079, Austin, Texas 78711-2079. Tex. Civ. Prac. Rem. Code § 17.026(a). The Texas Secretary of State may be its agent for service because Defendant NAVAJO EXPRESS, INC. is a nonresident that committed a tort in Texas, which constitutes doing business in this State, but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from Defendant NAVAJO EXPRESS, INC.'s business in Texas. Tex. Civ. Prac. Rem. Code § 17.041, 17.042(2), 17.044(b).

2.5     Defendant, NAVAJO SHIPPERS, INC., a foreign for-profit corporation organized and existing under the laws of the State of Colorado, may be served with process by serving the Texas Secretary of State by certified mail, return receipt requested, at P.O. Box 12079, Austin, Texas 78711-2079. Tex. Civ. Prac. Rem. Code § 17.026(a). The Texas Secretary of State may be

its agent for service because Defendant NAVAJO SHIPPERS, INC. is a nonresident that committed a tort in Texas, which constitutes doing business in this State, but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from Defendant NAVAJO SHIPPERS, INC.'s business in Texas. Tex. Civ. Prac. Rem. Code § 17.041, 17.042(2), 17.044(b).

2.6      Defendant, ROSIE ADLYN TUCKER, an individual who is a nonresident of Texas and who resides at 22126 Lawrence, #1036, Pierce City, Lawrence County, Missouri 65723, may be served with process by serving the Texas Secretary of State by certified mail, return receipt requested, at P.O. Box 12079, Austin, Texas 78711-2079. Tex. Civ. Prac. Rem. Code § 17.026(a). The Texas Secretary of State may be her agent for service because Defendant ROSIE ADLYN TUCKER is a nonresident that committed a tort in Texas, which constitutes doing business in this State, but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from Defendant ROSIE ADLYN TUCKER's business in Texas. Tex. Civ. Prac. Rem. Code § 17.041, 17.042(2), 17.044(b).

III.

JURISDICTION AND VENUE

3.1      The present Court has personal jurisdiction over the Defendants because said Defendants transacted business in Texas by committing a tort in Texas. Tex. Civ. Prac. Rem. Code § 17.042(2). The Court has subject matter jurisdiction as the amount in controversy is within the jurisdictional limits of the Court, and no other court has exclusive jurisdiction. Venue is proper in the present forum because all or a substantial part of the events giving rise to the claim occurred in Dallas County, Texas.

IV.

FACTS

4.1     Anthony Michael Trevino was born on June 16, 1991. The incident complained of
herein occurred on the evening of September 14, 2014. On that evening, Defendant ROSIE
ADLYN TUCKER was operating and in control of a commercial vehicle, namely a tractor and
trailer, owned by or leased to NAVAJO EXPRESS, INC. and/or NAVAJO SHIPPERS, INC. The
tractor portion of Defendant NAVAJO EXPRESS, INC.'s and/or NAVAJO SHIPPERS, INC.'s
vehicle, driven by Defendant ROSIE ADLYN TUCKER, struck Mr. Trevino while he was a
pedestrian near or in the right hand lane of 4500 North President George Bush Freeway in Irving,
Dallas County, Texas. Mr. Trevino was dragged nearly 300 feet and eventually came to rest in the
right shoulder of the freeway. Mr. Trevino was pronounced dead at the scene of the incident. The
impact to Mr. Trevino left a debris field of approximately 220 feet of blood, bone, and tissue in
the right lane, right shoulder, and right bar ditch of this area of the highway.  Prior to his death,
Mr. Trevino was a healthy 23 year old man.

4.2     On the occasion in question, the 4500 block of North President George Bush
Freeway was poorly lit. Due to the poorly lit highway, pedestrians walking along the highway that
night, including Anthony Michael Trevino, would have a hard time seeing lane and shoulder
demarcations. Rosie Adlyn Tucker was trained when encountering such conditions to use her high
beam headlights to look for vehicles and obstacles in the highway up ahead, to assist her with
seeing vehicles and objects up ahead in the roadway in quicker fashion, and in turn giving her
more time to react to such other vehicles or objects that might be in the roadway.  On the occasion
in question, Rosie Adlyn Tucker was not using her high beam headlights as trained.  Tucker had
been trained to drive slowly enough to be able to stop within the range of her headlights.  She

failed to do so on the occasion in question. The use of high beam lights would have provided approximately 500 feet of illumination.

4.3     On the occasion in question, Rosie Adlyn Tucker had been trained to operate her vehicle by using proper headlights and adjusting her speed on a highway by looking ahead at least 12 to 15 seconds. Rosie Tucker was not looking ahead 12 to 15 seconds down the highway on the occasion in question. If she had been, she would have had ample time to visually perceive, react to, and move around Anthony Michael Trevino in the roadway.

4.4     On the occasion in question, Rosie Adlyn Tucker had been trained to operate her vehicle at a speed where she could make sure she could stop the vehicle she was operating within the distance she could see ahead. Rosie Adlyn Tucker visually perceived Anthony Michael Trevino prior to impact ahead in the roadway on the occasion in question. However, Rosie Adlyn Tucker failed to stop her vehicle before striking Anthony Michael Trevino in the roadway on the occasion in question. She failed to operate as well as slow her vehicle down to a speed where she could bring her vehicle to a stop in the distance between perceiving Anthony Michael Trevino in the roadway and the point she struck Anthony Michael Trevino in the roadway. Rosie Adlyn Tucker had been trained there are many accidents at night involving pedestrians, to drive slower when lighting was poor, and to drive slow enough to make sure she could stop in the distance she could see ahead. On the occasion in question, Rosie Adlyn Tucker failed to do so.

4.5     On the occasion in question, Rosie Adlyn Tucker struck Anthony Michael Trevino with nearly the center of the grill of her tractor, and she did not attempt to move her vehicle left, right, or even begin braking her vehicle until approximately 150 feet after the impact with Anthony Michael Trevino. After the collision, Tucker reported to police she did not know what she had hit and thought she hit a rock. However, there was blood and body tissue found on multiple spots on

Tucker's tractor and trailer. Further, the police investigation found Anthony Michael Trevino would have been upright at the time of impact. Tucker indicated to police she did see "something" in the roadway immediately prior to impact.

4.6     On the occasion in question, Navajo Express, Inc. and Navajo Shippers, Inc. owned or leased the tractor and trailer being operated by Rosie Adlyn Tucker, and said entities had the right to control Rosie Adlyn Tucker in the details of her work. Rosie Adlyn Tucker was operating the tractor and trailer in question at the time of the incident in the furtherance of the business of and to the benefit of Navajo Express, Inc. and Navajo Shippers, Inc., and in the course and scope of her employment with such entities.





## V.

## RESPONDEAT SUPERIOR

5.1   At all material times hereto, Defendant ROSIE ADLYN TUCKER was the agent, servant, employee or statutory employee of Defendant, NAVAJO EXPRESS, INC. and/or NAVAJO SHIPPERS, INC., and was acting within the scope of her authority as such agent, servant, and employee. Defendant, NAVAJO EXPRESS, INC., or NAVAJO SHIPPERS, INC. are liable to Plaintiffs for the negligence of Defendant, ROSIE ADLYN TUCKER, under the common law doctrine of *respondeat superior*.

## VI.

## INDEPENDENT NEGLIGENCE Of NAVAJO EXPRESS, INC. AND/OR

## NAVAJO SHIPPERS, INC.

6.1   At all times material hereto, Defendant NAVAJO EXPRESS, INC. and NAVAJO SHIPPERS, INC., were negligent in one or more of the following ways:

a. In failing to adequately qualify and train Defendant ROSIE ADLYN TUCKER;

b. In failing to adequately supervise Defendant ROSIE ADLYN TUCKER; and

c. In negligently entrusting the tractor and trailer in question to Defendant ROSIE ADLYN TUCKER, whom they knew or should have known was a reckless and incompetent driver.

VII.

NEGLIGENCE OF ROSIE ADLYN TUCKER

7.1 At all times material hereto, Defendant ROSIE ADLYN TUCKER was negligent in one or more of the following ways:

a. In failing to keep a proper lookout for the Plaintiff Anthony Michael Trevino's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

b. In failing to timely apply the brakes to her motor vehicle in order to avoid the collision;

c. In failing to remain reasonably attentive to conditions existing on the roadway as a reasonably prudent person would have done under the same or similar circumstances;

d. In failing to take proper evasive action that would have been taken by a person of ordinary prudence under the same or similar circumstances;

e. In failing to comply with Federal Motor Carrier Regulations 49 CFR 383.110-383.113.

VIII.

GROSS NEGLIGENCE

8.1 The negligence of the Defendants as alleged herein constituted not only ordinary negligence but gross negligence. The conduct of the Defendants, in failing to exercise ordinary

care towards ANTHONY MICHAEL TREVINO, among other acts alleged, were serious violations and were not ordinary negligence but gross negligence. In this regard, the conduct of the Defendants was intentionally, heedlessly, and without regard to the damages and injuries that might be inflicted by such conduct. The conduct of the Defendants, when viewed objectively from their standpoint at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others including, but not limited to, ANTHONY MICHAEL TREVINO. Accordingly, the conduct of the Defendants amounts to gross negligence.

8.2     As a result of the gross negligence of the Defendants, a sum of money should be assessed against the Defendants as allowed by law, and awarded to Plaintiffs as exemplary damages for the death of ANTHONY MICHAEL TREVINO. Further, because of the nature of the conduct, the limitations and so called caps on exemplary damages should not apply to the amount of exemplary damages the jury may find. Exemplary damages should be awarded as penalty or by way of punishment taking into consideration:

a.     the nature of the wrong;

b.     the character of the conduct involved;

c.     the degree of culpability of the wrongdoer;

d.     the situation and sensibilities of the parties involved;

e.     the extent to which such conduct offends a public sense of justice and propriety; and

f.     the net worth of Defendants.

IX.

WRONGFUL DEATH DAMAGES

9.1     This suit is brought by ANDREA TREVINO, ROBERT TREVINO, and
DANIELLE MCCAULEY, Individually, And As Next to Lareina Lindsi Trevino, to recover
damages from the Defendants for the wrongful death of ANTHONY MICHAEL TREVINO, under
the terms and provisions of Texas Civil Practice and Remedies Code Section 71.001, et. seq., since
ANTHONY MICHAEL TREVINO died as a result of the Defendants' negligence.

9.2     Plaintiff ANDREA TREVINO, as Surviving Parent, is a recognized statutory
beneficiary under the Texas Wrongful Death Act, Texas Civil Practice and Remedies Code Ann.
Section 71.001, et. seq., and lost her son, and with this loss she has suffered and will continue to
suffer substantial damages, which include the following:

a.     PECUNIARY LOSS, meaning the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value, excluding loss of inheritance, that ANDREA TREVINO, in reasonable probability would have received from ANTHONY MICHAEL TREVINO, had he lived;

b.     LOSS OF COMPANIONSHIP AND SOCIETY, meaning the loss of the positive benefits flowing from the love, comfort, companionship, and society that Plaintiff ANDREA TREVINO would have received from ANTHONY MICHAEL TREVINO had he lived; and

c.     MENTAL ANGUISH, meaning the emotional pain, torment, and suffering experienced by ANDREA TREVINO, because of the death of ANTHONY MICHAEL TREVINO.

9.3     Plaintiff ROBERT TREVINO, as Surviving Parent, is a recognized statutory
beneficiary under the Texas Wrongful Death Act, Texas Civil Practice & Remedies Code Ann.
Section 71.001, et. seq., and lost his son, and with this loss he has suffered and will continue to
suffer substantial damages, which include the following:

a.     PECUNIARY LOSS, meaning the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value, excluding loss

of inheritance, that ROBERT TREVINO, in reasonable probability would have received from ANTHONY MICHAEL TREVINO, had he lived;

b.      LOSS OF COMPANIONSHIP AND SOCIETY, meaning the loss of the positive benefits flowing from the love, comfort, companionship, and society that Plaintiff ROBERT TREVINO would have received from ANTHONY MICHAEL TREVINO had he lived; and

c.      MENTAL ANGUISH, meaning the emotional pain, torment, and suffering experienced by ROBERT TREVINO, because of the death of ANTHONY MICHAEL TREVINO.

9.4      Plaintiff DANIELLE MCCAULEY, as Surviving Spouse, and Lareina Lindsi Trevino, as surviving daughter, are recognized statutory beneficiaries under the Texas Wrongful Death Act, Texas Civil Practice & Remedies Code Ann. Section 71.001, et. seq., and lost their husband and father, and with this loss they have suffered and will continue to suffer substantial damages, which include the following:

a.      PECUNIARY LOSS, meaning the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value, excluding loss of inheritance, that they, in reasonable probability would have received from ANTHONY MICHAEL TREVINO, had he lived;

b.      LOSS OF COMPANIONSHIP AND SOCIETY, meaning the loss of the positive benefits flowing from the love, comfort, companionship, and society that they would have received from ANTHONY MICHAEL TREVINO had he lived; and

c.      MENTAL ANGUISH, meaning the emotional pain, torment, and suffering experienced by them, because of the death of ANTHONY MICHAEL TREVINO;

d.      LOSS OF INHERITANCE.

## X.

## SURVIVAL CLAIM DAMAGES

10.1      This suit is brought, in part, by Plaintiff Danielle McCauley, as Representative of the ESTATE OF ANTHONY MICHAEL TREVINO, to recover damages from the Defendants, under the terms and provisions of Texas Civil Practice and Remedies Code Section 71.021,

commonly referred to as the Survival Statute, for any claims which could have been brought by Anthony Michael Trevino, but for his death as a result of his injuries, which was occasioned by the negligence of the Defendants in causing the events as described herein, and include the following damages:

     a.    Funeral and burial expenses; and

     b.    Conscious physical pain and emotional pain, torment and suffering experienced by ANTHONY MICHAEL TREVINO, before his death.

XI.

PREJUDGMENT INTEREST

11.1    In addition to the above and foregoing allegations, Plaintiffs further plead that they are entitled to prejudgment interest.

XII.

REQUEST FOR DISCLOSURE

12.1    Under Texas Rule of Civil Procedure 194, Plaintiffs request the Defendants disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein as the law directs, and that upon final hearing hereof, Plaintiffs have and recover judgment of and from Defendants in an amount within the jurisdictional limits of the Court, including both compensatory and exemplary damages as outlined above, plus prejudgment interest thereon at the legal rate, costs of court, and for such other and further relief, general and special, at law and in equity, to which Plaintiffs may show themselves entitled to receive.

Respectfully submitted,

THE CALVIN LAW FIRM, P.L.L.C.


By:___ /s/ Darrell W. Calvin, Jr.
       **Darrell W. Calvin, Jr.**
       State Bar No. 24012372
       darrell@calvinlawfirm.com
       **Madeleine Harrison**
       State Bar No. 24049936
       madeleine@calvinlawfirm.com
       12221 Merit Dr., Suite 630
       Dallas, Texas 75251
       972-233-5200 Telephone
       972-233-5206 Facsimile

       **Attorneys for Plaintiffs**

FILED
DALLAS COUNTY
5/22/2015 5:49:25 PM
FELICIA PITRE
DISTRICT CLERK



FELICIA PITRE

DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-15-06014

ANDREA TREVINO, et al

vs.

NAVAJO EXPRESS, INC., et al

14th District Court

## ENTER DEMAND FOR JURY

JURY FEE PAID BY: PLAINTIFFS

FEE PAID: $30

600 COMMERCE STREET DALLAS, TEXAS  75202 (214) 653-7261
FAX (214)653-7781 E-mail: Felicia.Pitre@dallascounty.org
Web site: http://www.dallascounty.org/distclerk/index.html



14TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

June 25, 2015

FILE COPY

DC-15-06014
ANDREA TREVINO, et al  vs.  NAVAJO EXPRESS, INC., et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil procedure and pursuant to the inherent power of the Court, on:

**July 31, 2015 at 11:00 AM**

If no answer has been filed you are expected to have moved for a default judgment on or prior to that date. Your failure to have done so will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

ERIC V. MOYÉ, DISTRICT JUDGE
14TH DISTRICT COURT
Dallas County, Texas

Cc:
 DARRELL W CALVIN Jr
 12221 MERIT DR SUITE 630
 DALLAS TX 75251